JUDGE MARRERO   08 CV 5307

ROBERT A. PINEL – RAP 9070
FLAMM, BOROFF & BACINE, P.C.
Westfield Corporate Center
4905 West Tilghman Street, Suite 310
Allentown, Pennsylvania 18064
610-336-6800
Attorneys for Plaintiff

RECEIVED
JUN 10 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC., | Case No. _____ |
| Plaintiff, | |
| – vs. – | COMPLAINT FOR DAMAGES |
| HAYHURST MORTGAGE, INC. | |
| Defendant. | |

Plaintiff DLJ Mortgage Capital, Inc. ("Plaintiff" or "DLJMC"), by and through its attorneys, Flamm, Boroff & Bacine, P.C., files this its Complaint for Damages against Defendant Hayhurst Mortgage, Inc. ("Defendant" or "Hayhurst"), as follows:

### PRELIMINARY STATEMENT

1.     This Complaint alleges the failure of Defendant to comply with a written agreement with Plaintiff.

2.     Defendant failed to repurchase mortgage loans as required by a written purchase agreement with Plaintiff. As a result, Plaintiff has been damaged in excess of $1.2 million, plus interest, penalties, and, reasonable attorney's fees and costs.

### JURISDICTION AND VENUE

3.     Jurisdiction of the parties and this Complaint are properly in this Court under the diversity of jurisdictions provisions of 28 U.S.C. §1332(a)(1) and (b).

4. There is complete diversity between the parties. Every issue of law and fact in this action is wholly between citizen corporations of different states. The amount in controversy exceeds $75,000.00.

5. Venue is proper as to this Defendant pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Additionally, by contract the parties agreed that venue of this dispute is to be situated in the state or federal courts of New York County in the State of New York.

6. Venue is also proper in this district pursuant to the provisions of 28 U.S.C. §1391(c) because Defendant is subject to personal jurisdiction in this district and is deemed to reside within it for purposes of 28 U.S.C. §1391(a)(1).

## PARTIES

7. Plaintiff is a Delaware corporation qualified to do business in the State of New York. Its principal place of business is at 11 Madison Avenue, New York City, New York County, State of New York.

8. Defendant is a Florida corporation doing business in the State of New York. Its principal place of business is 2601 South Bayshore Drive, Coconut Grove, Florida 33133.

## STATEMENT OF FACTS

9. On or about October 1, 2002, Plaintiff entered into a Purchase, Warranties and Interim Servicing Agreement with Defendant (the "MLPA"). (A copy of the MLPA is attached as Exhibit A.)

10. Under the terms of the MLPA, Plaintiff agreed to purchase certain mortgage loans from Defendant. Defendant agreed that in certain instances it would repurchase certain mortgage loans that it had sold to Plaintiff.

11. Plaintiff gave notice to Defendant that certain mortgage loans needed to be repurchased pursuant to the provisions of the MLPA. These notices were sent on February 22, 2007, April 16, 2007, and November 26, 2007. The mortgage loans to be repurchased are identified in the notices. (Copies of these notices are attached as Exhibits B, C, and D.)

12. Defendant failed and refused to repurchase the mortgage loans as required by the terms of the MLPA. As a result of Defendant's refusal to comply with the MLPA, Plaintiff has been damaged in an amount exceeding $1.2 million.

## FIRST COUNT
## (BREACH OF CONTRACT)

13. Paragraphs 1 - 12 of this Complaint are incorporated herein by reference.

14. Defendant failed to comply with its obligations under the terms of the MLPA by failing and refusing to repurchase the mortgage loans.

15. Despite Plaintiff's demand for compliance, Defendant failed and refused to meet is obligations under the MLPA.

16. As a result of Defendant's failure to comply with the MLPA, Plaintiff has been damaged in an amount not less than $1.2 million, plus interest and penalties.

17. Under the terms of the MLPA, Plaintiff is also entitled to collect from Defendant its reasonable attorney's fees and costs for bringing this action.

## SECOND COUNT
## (UNJUST ENRICHMENT)

18. Paragraphs 1-17 of this Complaint are incorporated herein by reference.

19. For each of the mortgage loans at issue, Defendant received payment from Plaintiff when the mortgage loans were purchased from Defendant.

20. Defendant has wrongfully refused to comply with its obligation to repurchase the mortgage loans, causing Plaintiff to lose the use of the money due and owing, and requiring Plaintiff to incur attorney's fees and costs to recover the amounts due under the MLPA. It would be unjust and inequitable to allow Defendant to benefit in this manner.

21. By reason of the foregoing, Defendant has been unjustly enriched at Plaintiff's expense and Plaintiff suffered damage in an amount to be proven at trial.

## THIRD COUNT
## (INDEMNIFICATION)

22. Paragraphs 1-21 of this Complaint are incorporated herein by reference.

23. Pursuant to the MLPA, Defendant agreed to indemnify Plaintiff for any and all claims, losses, damage, penalties, fines, forfeitures, legal fees and related costs, judgment, and any other costs, fees and expenses that Plaintiff may sustain in any way related to Defendant's failure to observe and perform its duties, obligation, and covenants in compliance with the terms of the MLPA.

24. Defendant's obligation expressly includes the legal fees and related costs and any other costs, fees and expenses that Plaintiff may sustain in connection with Defendant's failure to observe and perform its obligations to repurchase the loans, including but not limited to attorney's and other expenses incurred in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment issue:

a) against Defendant in an amount not less than $1.2 million, plus penalties and interest, in an amount to be proven to trial;

b) requiring Defendant to pay all attorney's fees and costs incurred by Plaintiff in initiating and pursuing this litigation; and

c) for any and all such relief to which Plaintiff is entitled at law or at equity.

> FLAMM, BOROFF & BACINE, P.C.
> Attorneys for Plaintiffs DLJ Mortgage Capital, Inc.
>
> By: _____
> Robert A. Pinel, Esq.

Dated: June 5, 2008